UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JARVIS THOMAS,<br><br>Defendant. | No. 1:17-cr-00296-DAD-BAM<br><br>ORDER DENYING GOVERNMENT'S MOTIONS *IN LIMINE* SEEKING TO ADMIT GANG EXPERT TESTIMONY AND EVIDENCE OF DEFENDANT'S AND HIS ALLEGED CO-CONSPIRATORS' GANG AFFILIATION<br><br>(Doc. Nos. 66, 82, 84) |

Defendant Jarvis Thomas is charged by way of a second superseding indictment with conspiracy to distribute and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846 and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 72.) Pending before the court are pre-trial motions *in limine* filed by the government, seeking to admit the testimony of a gang expert, as well as evidence relating to incidents dating as far back as 2007 through 2017 to show defendant's and his alleged co-conspirators' gang affiliations. (Doc. Nos. 66, 82, 84.) On July 17, 2019, those motions *in limine* came before the court for hearing. Assistant United States Attorneys Angela Scott and Thomas Newman appeared on behalf of the government. Attorney Edward Hodgkins

/////

1

appeared on behalf of defendant. Having considered the parties' briefing and having heard oral argument, the court will deny the government's motions *in limine*.

**DISCUSSION**

The government seeks to elicit the testimony of a law enforcement gang expert, arguing that the proffered testimony—regarding the tattoos, symbols, codes, colors, and graffiti of the Bakersfield West Side Crips gang, as well as the gang's history, evolution, structure, rules, and customs—is admissible evidence at the trial of this drug trafficking case. (Doc. Nos. 66, 82.) Specifically, the government contends that establishing that defendant and his alleged co-conspirators were members of the West Side Crips gang "is relevant to the charged crimes for several reasons, including because it establishes their motive to participate in the crimes together, and it explains certain of their actions during the commission of the crimes." (Doc. No. 66 at 7.) The government also seeks to introduce evidence of defendant's and his alleged co-conspirators' gang affiliations by way of police reports and a video wherein defendant and/or his alleged co-conspirators purportedly acknowledged in years past their affiliation with or membership in the West Side Crips. (Doc. No. 84.) The government contends that this evidence is "inextricably intertwined with the charged drug trafficking crimes because it explains their words and actions on the days in question." (*Id.* at 2.) Alternatively, the government argues that such evidence is admissible pursuant to Federal Rule of Evidence 404(b) to demonstrate intent, knowledge, opportunity, motive, preparation, plan, absence of mistake, or identity. (*Id.*)

"Both the Supreme Court and [the Ninth Circuit] have ruled that evidence of gang affiliation is admissible when it is relevant to a material issue in the case." *United States v. Easter*, 66 F.3d 1018, 1021 (9th Cir. 1995); *see also United States v. Smith*, No. 2:11-CR-58-JAD-CWH, 2014 WL 6065788, at *3 (D. Nev. Nov. 12, 2014) ("[W]here evidence of gang membership is directly related to the events in question, it does not constitute 'other crimes' evidence barred by Rule 404(b). Instead, evidence of gang affiliation is admissible when it is relevant to a material issue in the case."). Thus, "evidence of gang affiliation should tend to prove an element of the charged offense, if it is to have general probative value that outweighs its prejudice." *United States v. Reyes*, No. 11CR1 MRK, 2012 WL 3727995, at *1–2 (D. Conn. May

1, 2012) (internal citation and quotation marks omitted); *see also United States v. Nelson*, 103 F. Supp. 2d 512, 513–14 (N.D.N.Y. 1999) (same). Accordingly, courts have permitted admission evidence of gang affiliation where such evidence is central to a material issue in the case as charged. *See, e.g.*, *Easter*, 66 F.3d at 1021 (permitting gang affiliation evidence where such evidence "was relevant on the issue of identity," and where "identity was a central issue" in the case"); *United States v. Santiago*, 46 F.3d 885, 888–90 (9th Cir. 1995) ("[T]he record reveals no evidence of any specific, wrongful acts by either the Mexican Mafia or Santiago that are unrelated to the murder of [the victim]. Evidence of gang links to the procurement of the murder weapon and to the planning of the crime relates directly to the crime for which Santiago was indicted."); *United States v. Booth*, No. 2:08-CR-00283-RCJ, 2012 WL 3881001, at *2 (D. Nev. Sept. 6, 2012) (admitting gang affiliation evidence where the defendant was charged with crimes related to his membership in a RICO enterprise).

Nonetheless, pursuant to Federal Rules of Evidence 403 and 404(b), courts often exclude such evidence from admission at trial "because evidence of gang membership may be unduly prejudicial." *Booth*, 2012 WL 3881001, at *2; *see also Smith*, 2014 WL 6065788, at *3 ("Gang affiliation evidence, without more, is commonly barred because under Rule 404(b) it constitutes impermissible '[e]vidence of other crimes, wrongs or acts [introduced] to prove the character of a person in order to show action in conformity therewith.'") (citation omitted). "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Here, the court has given the government ample opportunity to explain in what way establishing that defendant and his alleged co-conspirators are members of the West Side Crips gang is relevant to prove a material issue in this case or to establishing an essential element of the charged drug trafficking crimes. In its papers, the government merely asserts that proof of membership "establishes their motive to participate in the crimes together, and it explains certain of their actions during the commission of the crimes." (Doc. No. 82 at 6.) At the hearing on the pending motions, counsel for the government stated that its gang expert's testimony would:

(1) explain why defendant and his alleged co-conspirators associate together; and (2), with respect to an alleged drug transaction that took place on November 1, 2017, explain why defendant's alleged co-conspirators waited over an hour for defendant to arrive and inspect the drugs before purchasing them—specifically, that defendant was an older West Side Crip gang member and that younger West Side Crip gang members generally defer to or seek the approval of older members. However, when pressed by the court about whether the government's expert would testify that the West Side Crips gang operates by way of a hierarchy that *requires* older members to approve purchases of narcotics, and whether the expert would opine that was what occurred on November 1, 2017, when defendant's alleged co-conspirators allegedly waited for him to arrive before purchasing the drugs, the government conceded that the expert would not so testify but instead would merely testify as to the general structure and history of the West Side Crips and opine that younger members generally defer to older members. The government indicated that, based on such testimony from the law enforcement gang expert, it would argue that the jury should infer that defendant and his alleged co-conspirators were acting in a manner consistent with this general practice on the day in question.

The court is not persuaded by the government's arguments. First, the government has not established that the evidence it seeks to admit is inextricably intertwined with the drug trafficking offenses with which defendant is charged. Evidence is "inextricably intertwined" if it "may constitute[] a part of the transaction that serves as the basis for the criminal charge" or "may be necessary . . . to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) (internal citation and quotation marks omitted). Here, the fact that defendant is an alleged member of the West Side Crips gang is not a sufficient basis from which to argue that gang membership is part of the drug transaction that serves as the basis for the pending criminal charges. Notably, defendant is not charged in this case with either a RICO violation or engaging in a continuing criminal enterprise. Moreover, as discussed, the proffered gang expert cannot testify that the West Side Crips gang operates by way of a hierarchy that *requires* older members to approve purchases of narcotics. Thus, despite the government's argument that its expert's testimony

4

would help the government explain why defendant's alleged co-conspirators waited over an hour for him to arrive on November 1, 2017, the government's concession that the expert will only testify to the general structure and history of the West Side Crips cuts against its argument in this regard.  Second, such evidence is not admissible under Rule 404(b) because the government has failed to articulate *any* theory under which that evidence would be relevant to proving defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident.  Finally, even were the court to conclude that the gang expert's testimony and the extensive evidence of the conspirators' gang membership the government seeks to introduce at trial had some slight probative value with respect to a material issue, that value would pale in comparison to the unfairly prejudicial nature of such explosive evidence.  Evidence of defendant's alleged membership in the West Side Crips—a subset of the notorious, nationwide Crips street gang—raises a substantial concern of prejudice.  *See, e.g.*, *United States v. Price*, No. 05CR492(NGG), 2009 WL 973370, at *2 (E.D.N.Y. Apr. 10, 2009), *as clarified*, 2009 WL 1010483 (E.D.N.Y. Apr. 14, 2009) ("The court recognizes that media reports and portrayals have engraved a violent image of the Bloods in the popular conscience.").  To allow the government to attempt to establish an agreement between defendant and his alleged co-conspirators based on evidence of defendant's gang membership and the expert's testimony regarding how the West Side Crips *generally* operate "smack[s] of guilt by association" because "evidence of gang membership cannot itself prove that an individual has entered a criminal agreement."  *United States v. Garcia*, 151 F.3d 1243, 1246 (9th Cir. 1998) (citation omitted).

        The government has failed to establish that the mere fact of defendant's membership in the West Side Crips has some relevance in establishing a conspiracy to possess with the intent to distribute methamphetamine as charged here.  Accordingly, the court will deny the government's

/////
/////
/////
/////
/////

motions *in limine* seeking authorization to present the testimony of a gang expert and evidence of the gang affiliation of the defendant and his alleged co-conspirators.[1]

IT IS SO ORDERED.

Dated: **July 22, 2019**

_____
UNITED STATES DISTRICT JUDGE

---

[1] In light of this ruling, it would appear to be inappropriate for the prosecution or its witnesses to refer to the West Side Crips gang at the trial of this drug trafficking case absent further order of the court. In addition, the court also observes that should the defense suggest a lack of association between defendant and his alleged co-conspirators, the door for presentation of gang affiliation evidence may be opened.