1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,              No.  1:17-CR-00296-ABA-BAM

12                    Plaintiff,

13         v.                                 ORDER GRANTING IN PART AND
                                              DENYING IN PART *EX PARTE*
14    JARVIS THOMAS,                          APPLICATION REGARDING ORDER OF
                                              WAIVER OF ATTORNEY-CLIENT AND
15                    Defendant.              WORK PRODUCT PRIVILEGES

16                                            (ECF No. 254)

17

18

19         Before this Court is the government's *ex parte* motion seeking an order finding that

20    petitioner Jarvis Thomas as a result of his pending motion filed pursuant to 28 U.S.C. § 2255

21    (ECF No. 249), has waived the attorney-client and work product privilege, and that therefore, the

22    government is entitled to compel discovery of responsive attorney-client communications and

23    work product. (ECF No. 254).

24         In bringing the present motion, the government argues that petitioner's motion under §

25    2255 "waived the privilege as to attorney-client communications and his counsel's work product

26    for purposes of present motion," and states that it cannot adequately respond to petitioner's claims

27    in his § 2255 motion without access to this privileged information. The government states that its

28

                                                1

1   waiver is partial "in that the information obtained through the waiver is to be used for purposes of

2   adjudicating the Petitioner's Motion, but not in a retrial or in an unrelated case." (ECF No. 254 at

3   3) Plaintiff has not responded to the government's motion.

4        In *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), the Ninth Circuit held that while a

5   habeas petitioner waives his attorney-client privilege in a proceeding raising an ineffective

6   assistance of counsel claim, such a waiver must be "narrowly tailored" to communications related

7   to the claim. 331 F.3d at 724. In addition, the information obtained through such a waiver cannot

8   be used in a retrial or unrelated case. *Id.* At 722 ("[W]e can conceive of no federal interest in

9   enlarging the scope of the waiver beyond what is needed to litigate the claim of ineffective

10  assistance of counsel in federal court. A waiver the limited the used of privileged communications

11  to adjudicating the ineffective assistance of counsel claim fully serves federal interests."); see also

12  *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012). Accordingly, it does not follow that

13  discovery of all communications between a petitioner and his prior attorney is automatically

14  allowed where post-conviction relief petitioner alleges a claim of ineffectiveness assistance of

15  counsel. Rather, if a district court exercises its discretion to allow discovery pertaining to an

16  attorney-client privilege claim, it must enter appropriate protective orders delineating the contours

17  of the limited waiver before commencement of discovery.

18       Accordingly, unless, in accordance with the instructions below, petitioner chooses to

19  withdraw those portions of his § 2255 motion in which he alleges that he received ineffective

20  assistance from his trial counsel, the government's application will be granted in part and denied

21  in part as follows:

22  (1) The attorney-client privilege of petitioner Thomas is waived with respect to all

23      communications between petitioner Thomas and his former attorney, E. Marshall

24      Hodgkins, and his staff and agents, concerning events and facts related to Plaintiff's

25      claims of ineffective assistance of counsel in petitioner Thomas's motion filed under 29

26      U.S.C. § 2255 in *United States v. Jarvis Thomas*, 17-cr-00296-ADA-BAM.

27  (2) Attorney E. Marshall Hodgkins, and his staff and agents, if applicable, may provide the

28      government with a declaration addressing attorney-client communications concerning

2

events and facts related to the ineffective assistance of counsel claims presented in petitioner's § 2255 motion, and may communicate with government counsel to ensure that all issues are adequately addressed.

(3) To the extent the government's request is broader than this order, the government's request is denied without prejudice, subject to renewal by motion providing further information as to the necessity of the production of such documents.

(4) The government shall not use for any purpose or disclose to any party or in any proceeding beyond this action the privileged material it obtains in connection with the pending § 2255 motion proceeding.  *See* L*ambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012); *Bittaker v. Woodford*, 331 F.3d 715, 722, 728 (9th Cir. 2003).

Alternatively, if in light of the above finding of the waiver of these privileges, petitioner wishes to no longer proceed with his pending § 2255 motion asserting an ineffective assistance of counsel claim, he must notify this court within twenty-one (21) days from the date of this order by withdrawing the allegations concerning ineffective assistance of counsel in his pending motion.  Petitioner's failure to do so within the time provided will be deemed by the court to be a confirmation of the portion of this order finding petitioner's waiver of the attorney client privilege.

///

///

///

///

///

///

///

///

///

///

///

3

Accordingly,

1.   The government's *ex parte* application (ECF No. 254) is granted in part and denied in part;

2.   Petitioner, if he chooses to do so, has twenty-one (21) days from the date of this order to notify the Court that he no longer wishes to proceed with those portions of his pending § 2255 motion asserting ineffective assistance of counsel claims; and

3.   In the event the petitioner indicates he wishes to proceed or does not respond within twenty-one days, this will be deemed by the Court to be a confirmation of the portion of this order finding petitioner's waiver of the attorney client and work product privileges.

IT IS SO ORDERED.

Dated:   September 27, 2022

_____
UNITED STATES DISTRICT JUDGE