UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:17-cr-00296-DAD-BAM-2 |
| Plaintiff-Respondent, | ORDER GRANTING MOVANT'S MOTION TO AMEND, DENYING MOVANT'S AMENDED MOTION BROUGHT PURSUANT TO 28 U.S.C. § 2255, AND DENYING THE GOVERNMENT'S REQUEST TO SEAL |
| v. | |
| JARVIS THOMAS, | |
| Defendant-Movant. | (Doc. No. 249, 250, 267, 271, 272, 273) |

This matter is before the court on defendant Jarvis Thomas's ("Movant") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 249), the government's request to seal a document (Doc. No. 267), and Movant's motion to amend and amended motion pursuant to § 2255 (Doc. Nos. 271, 272). Movant is a federal prisoner proceeding *pro se*. (Doc. No. 249.) Having considered the parties' briefing, and for the reasons explained below, Movant's motion to amend will be granted, his motion for relief pursuant to § 2255 will be denied, and the government's request to seal will be denied.

## BACKGROUND

On January 11, 2018, a superseding indictment was returned by a grand jury of this district charging Movant with: (1) conspiracy to distribute and to possess with intent to distribute at least 50 grams of actual methamphetamine and 500 grams of a mixture or substance containing

1

a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1); and (2) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Doc. No. 17 at 1–2.)  On January 31, 2018, Movant was arraigned on the superseding indictment and advised that the maximum penalties he faced if convicted were a mandatory minimum term of ten years up to a term of life imprisonment on each count.  (Doc. No. 261 at 4.)  On April 4, 2019, a second superseding indictment was returned by the grand jury charging Movant with:  (1) conspiracy to distribute and to possess with intent to distribute 50 grams of actual methamphetamine and 500 grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1); and (2) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).  (Doc. No. 72 at ¶¶ 6–16.)  On April 15, 2019, Movant was arraigned on the second superseding indictment and again informed that he faced a mandatory minimum term of ten years up to a term of life imprisonment on each count if convicted.  (Doc. No. 262 at 6–7.)

Prior to trial, the government filed a motion *in limine* seeking an order allowing it to present evidence of Movant's gang affiliation at trial.  (Doc. No. 84.)  Movant's trial counsel filed various motions *in limine*, including those objecting to the admission of the government's proffered gang-related testimony.  (Doc. Nos. 79, 80, 82.)  The district court denied the government's motion *in limine* and precluded it from presenting testimony from a gang expert and evidence of Movant's gang affiliation, finding that such evidence was irrelevant in light of the charges brought against Movant.  (Doc. No. 109 at 5–6.)

Trial commenced on July 31, 2019, and concluded on August 9, 2019, with the jury returning guilty verdicts as to both counts.  (Doc. Nos. 132, 151, 152 at 1–3.)[1]  Of particular relevance in light of the claims presented by Movant, in its case in chief the government called California Highway Patrol Officer David Anderson as a witness.  (Doc. No. 200 at 169.)  Officer Anderson testified that he was assigned to the investigation of this case in August of 2017 and

---

[1]  The jury also found beyond a reasonable doubt that both offenses involved "500 grams or more of a mixture or substance containing a detectable amount of methamphetamine."  (Doc. No. 152 at 1–3.)

2

was involved in the surveillance of those under investigation. (*Id.* at 170–175.)  In testifying about investigators' plan to surveil a particular drug purchase, Officer Anderson testified that investigators had an informant "that was an associate of the gang" who was going to introduce the confidential informant "into the gang" to purchase narcotics "from the gang." (*Id.* at 175.)  Immediately after that testimony, the court took a recess and addressed counsel outside the presence of the jury regarding the court's belief that the testimony violated the court's pre-trial *in limine* ruling. (*Id.* at 176.)  Movant's trial counsel moved to dismiss the case with prejudice and that motion was denied. (*Id.* at 178.)  The court inquired whether the defense was alternatively requesting that a curative instruction be given instructing the jury that they were to disregard any reference to a gang in the witnesses' testimony because the case involved neither a continuing criminal enterprise nor a gang. (*Id.* at 179–180, 183.)  Movant's trial counsel responded that the curative instruction was "exactly" the defense request. (*Id.* at 183.)  The court then immediately brought the jury back into the courtroom and instructed the jurors that the case did not involve any allegations regarding a gang or a continuing criminal enterprise and that they were to disregard any testimony referring to such. (*Id.* at 183–84.)

A presentence report was prepared by the United States Probation Office in which it was found that under the advisory sentencing guidelines movant's offense level was 40, his criminal history category was IV, resulting in an advisory guideline range calling for a term of imprisonment of between 380 months and life and noting that both counts of conviction carried with them mandatory minimum sentences of ten years up to life imprisonment. (Doc. No. 170 at 5, 21, 24.)  In his sentencing memorandum, Movant's trial counsel argued that Movant be sentenced below the 380–month term of imprisonment recommended in the presentence report based largely on the factors listed in 18 U.S.C. § 3553(a). (Doc. No. 171 at 2.)  On November 25, 2019, the court varied downward significantly from the advisory guideline range and sentenced Movant to a term of imprisonment of "320 months on Count 1 and 320 months on Count 2 to run concurrent for a total of 320 months" to be followed by a 5 year term of supervised release. (Doc. No. 181 at 2.)  Movant was also ordered to pay an assessment of $200.00. (*Id.* at 6.)

/////

3

On November 29, 2019, Movant filed a Notice of Appeal from the final judgement and the sentence. (Doc. No. 183 at 1.) On September 7, 2021, the Ninth Circuit Court of Appeals affirmed the judgment of conviction and sentence. (Doc. No. 244 at 5); *United States v. Thomas*, No. 19-10426, 2021 WL 4061109, at \*1 (9th Cir. Sept. 7, 2021). Movant's petition for a writ of certiorari to the Supreme Court was denied on February 22, 2022. (Doc. No. 270-4 at 2); *Thomas v. United States*, 142 S. Ct. 1169 (2022).

On August 31, 2022, Movant filed the pending § 2255 motion with this court. (Doc. No. 249.) In that motion, Movant asserted a sole claim of ineffective assistance of counsel in which he alleged that his trial counsel was ineffective during plea negotiations and with respect to advising Movant in connection with the decision of whether to plead guilty or proceed to trial. (*Id.* at 18.) That same day, Movant also filed a motion to expand the record. (Doc. No. 250.)

On September 15, 2022, the government filed a motion for an order finding a partial waiver of the attorney-client and work product privileges. (Doc. No. 254.) The previously assigned district judge granted that motion in part. (Doc. No. 255 at 2.) On February 14, 2023, the government filed its opposition to Movant's motion (Doc. No. 270) and a notice of request to seal Exhibit 5[2] of the government's opposition to defendant's motion (Doc. No. 267).

On March 3, 2023, the court received[3] a motion from Movant seeking leave to amend his § 2255 motion (Doc. No. 271), an amended § 2255 motion (Doc. No. 272), and Movant's motion to expand the record (Doc. No. 273).[4] In Movant's amended motion, Movant incorporates his original ineffective assistance claim and asserts five additional claims of ineffective assistance of

[2] This government's filing is erroneously labeled as a request to seal Exhibit 2, but the court notes that the request refers to the sealing of the declaration of Movant's trial counsel which was attached to the government's opposition as Exhibit 5. (Doc. Nos. 267, 270.)

[3] The court notes the date it received Movant's motion to amend and amended § 2255 motion because, as discussed below, the filing date of these motions is based on the prison mailbox rule, and is disputed by the parties.

[4] The court grants Movant's motions to expand the record to include Movant's affidavits. (Doc. Nos. 250; 273.) "[R]ather than conduct a hearing, courts may use discovery or documentary evidence to expand the record." *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989); *see also United States v. Abramian*, No. 20-cr-00227-PA, 2023 WL 8044343, at \*4 (C.D. Cal. Aug. 31, 2023) (expanding the record to include declarations from petitioner's prior counsel).

his trial counsel and one additional claim asserting ineffective assistance of his appellate counsel. In these proposed claims, Movant asserts that his trial counsel provided him ineffective assistance by failing to: (1) inform the jury that the government prevented a witness from testifying on his behalf at trial; (2) object at sentencing to the aggravating role upward adjustment in Movant's offense level and argue for a downward adjustment as a minimal participant and other guideline provisions including a reduction pursuant to U.S.S.G. § 2D1.1(b)(17);[5] (3) call Luis Fernandez[6] and Tommie Thomas as witnesses at sentencing to testify about Movant's limited role in the offense; (4) move for a mistrial when a government witness violated an *in limine* ruling; and (5) hire an expert witness to testify regarding the meaning of the wiretapped conversations. (Doc. No. 272 at 13–23.) Movant also asserts in his amended petition that his appellate counsel provided him ineffective assistance by failing to inform the Court of Appeals that the government prevented a witness from testifying on his behalf at trial. (*Id.* at 14.)

On March 22, 2023, Movant filed his reply to the government's opposition of his § 2255 motion. (Doc. No. 276.) On March 23, 2023, the government filed its opposition to Movant's motion to amend his § 2255 motion. (Doc. No. 277.) On April 11, 2023, Movant filed a reply in support of his motion to amend. (Doc. No. 279.)

## LEGAL STANDARDS

### A.   28 U.S.C. § 2255 Motions

A federal prisoner collaterally attacking the validity of their conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C.

---

[5] Movant cites to U.S.S.G. § 2D1.1(a)(17) in his papers but this section does not exist in the sentencing guidelines. The court construes this as referring to U.S.S.G. § 2D1.1(b)(17) because this section relates to Movant's arguments and Movant references the two-level decrease in his motion.

[6] Movant refers to throughout his motion. With regard to this claim, Movant refers to L.F.'s perception that "J.T." [Movant] was "'approv[ing]' drugs." (Doc. No. 272 at 17.) The court presumes that Movant is referring to his co-defendant Luis Fernandez, who testified as government witness at Movant's trial. Movant appears to specifically reference Fernandez's trial testimony that on the day of a particular drug transaction he had to wait outside an apartment complex with methamphetamine and his young son in his car until the Movant approved of the methamphetamine transaction. (Doc. No. 168 at 54–55.)

5

§ 2255, filed in the court which imposed the sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Section 2255 provides four grounds upon which a sentencing court may grant relief to a federal prisoner: (1) The sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *see also Davis v. United States*, 417 U.S. 333, 344–45 (1974); *Monreal*, 301 F.3d at 1130; *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). Both the grounds for relief and the scope of the remedy in a § 2255 proceeding are identical to those available to state prisoners under 28 U.S.C. § 2254, the federal habeas corpus statute. *Davis*, 417 U.S. at 343–44.

To warrant the granting of relief on a § 2255 motion, the Movant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Such relief is warranted only where a Movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346; *see also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

A district court presented with a request for an evidentiary hearing on a § 2255 motion must determine whether a factual basis exists in the record to support a movant's claims and, if not, whether an evidentiary hearing "might be appropriate." *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999). "To warrant a hearing . . . the movant must make specific factual allegations which, if true, would entitle him to relief." *United States v. Moss*, No. 2:03-cr-00550-WBS-DAD, 2015 WL 251890, at *5 (E.D. Cal. Jan. 20, 2015) (citing *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011)). "[A] district court must grant a hearing to determine the validity of a petition brought under [§ 2255], '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255), *as amended* (May 6, 1994); *see also*

6

*United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996).  In the context of a § 2255 motion presenting ineffective assistance of counsel claims, if the "Movant has not 'raised any factual disputes regarding counsel's performance that require resolution in an evidentiary hearing, and that, if decided in his favor, would entitle him to relief,'" then "an evidentiary hearing is not necessary or appropriate." *Liggins v. McDonald*, No. 2:09-cv-01777-GEB-EFB, 2012 WL 2065049, at *8 (E.D. Cal. June 6, 2012) (quoting *West v. Ryan*, 608 F.3d 477, 489 (9th Cir. 2010)); *see also United States v. Burrows*, 872 F.2d 915, 918 (9th Cir. 1989) (concluding that an evidentiary hearing need not be held where "the record conclusively shows that [movant's] trial attorney was not ineffective.").  Finally, relief pursuant to § 2255 may be summarily denied without a hearing if the motion contains no more than conclusory allegations.  *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986); *see also United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004); *United Sates v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (to be entitled to an evidentiary hearing the movant must provide specific factual allegations which, if true, would state a claim upon which § 2255 relief could be granted).

**B.      Ineffective Assistance of Counsel Claims**

The clearly established federal law governing ineffective assistance of counsel claims such as those presented in the pending motion is that set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  To succeed on such a claim, a defendant must show that: (1) his counsel's performance was deficient; and (2) the "deficient performance prejudiced the defense." *Id*. at 687; *see also United States v. Juliano*, 12 F.4th 937, 940 (9th Cir. 2021).  "If either prong is not met, [the Court] must dismiss the claim." *United States v. Sanchez-Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002), *as amended* (Mar. 15, 2002); *see also Rios v. Rocha*, 299 F.3d 796, 806 (9th Cir. 2002) ("Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other.") (citation omitted).  "[T]here is a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689.); *see also United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012).  A Movant must rebut this presumption by demonstrating that his counsel's performance was unreasonable under prevailing professional

norms and was not the product of sound trial strategy. *Strickland*, 466 U.S. at 688–89. Thus, "strategic choices made after thorough investigation of [the relevant] law and facts relevant to plausible options are virtually unchallengeable." *Id*. at 690. In short, judicial scrutiny of counsel's performance is highly deferential, and thus the court must evaluate counsel's conduct from counsel's perspective at the time it occurred, without the benefit of hindsight. *Id*. at 689; *see also Richter*, 562 U.S. at 104 ("Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'") (quoting *Strickland*, 466 U.S. at 687).

As noted above, even where counsel's performance is found to be deficient, in order to prevail on such a claim a Movant is required to show that his counsel's conduct prejudiced him. *Strickland*, 466 U.S. at 691–92. To establish prejudice, a Movant must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one "'sufficient to undermine confidence in the outcome'" but is "less than the preponderance more-likely-than-not standard." *Summerlin v. Schriro*, 427 F.3d 623, 640, 643 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693–94). Nonetheless, "[t]he likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

## DISCUSSION

The court first addresses Movant's motion to amend. (Doc. No. 271.) Next, the court will consider the government's request to seal Exhibit 5 of its opposition. (Doc. No. 267.) Finally, the court will consider each of Movant's claims brought pursuant to § 2255 separately below. (Doc. Nos. 249, 272.)

**A.     Movant's Motion to Amend His § 2255 Motion**

Movant moves to amend his § 2255 motion pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) because, at the time he mailed his motion, he had not yet received a responsive pleading to his original motion. (Doc. No. 271 at 1.) Movant further argues that his amendment is made within the applicable statute of limitations. (*Id.*) The government argues that the court should not apply Rule 15(a)(1)(B), but nonetheless concedes that it is within the court's discretion to grant amendment under that rule. (Doc. No. 277 at 6–7.) However, the government also

8

argues that Movant should be denied leave to amend because his motion to amend was not filed within the applicable statute of limitations.  (*Id.* at 8.)

1. <u>Whether Movant Filed His Motion to Amend within the Statute of Limitations</u>

The government argues that Movant did not file his motion to amend within the applicable statute of limitations and failed to comply with Rule 3(d) of the Rules Governing § 2255 petitions as required for him to benefit from the prison mailbox rule.  (Doc. No. 277 at 8–9.)

Under 28 U.S.C. § 2255(f)(1), a movant has "one year from 'the date on which the judgment of conviction becomes final' to bring a motion under § 2255." *United States v. Castro-Verdugo*, 750 F.3d 1065, 1071 (9th Cir. 2014) (quoting 28 U.S.C. § 2255(f)(1)).  As the Supreme Court has explained, "by 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *United States v. LaFromboise*, 427 F.3d 680, 683 (9th Cir. 2005) (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)), *amended,* No. 03-35853, 2005 WL 3312694 (9th Cir. Dec. 8, 2005).  "Amendment of a habeas petition or § 2255 motion generally will not be permitted if the applicable one-year statute of limitations has run." *United States v. Peterson*, No. 1:17-cr-00255-JLT-SKO, 2022 WL 4366707 at *1 (E.D. Cal. Sept. 21, 2022).

Under the prison mailbox rule, a motion is deemed "filed" by an inmate on the date it is delivered to prison authorities for forwarding to the Clerk of the Court.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).  Rule 3(d) of the Rules Governing § 2255 states:

> A paper filed by an inmate confined in an institution is timely filed if deposited in the institution's internal mailing system on or before the last day for filing.  If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.  Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d) of the Rules Governing § 2255 Proceedings.  Title 28 U.S.C. § 1746 requires a declaration executed within the United States to declare that "the foregoing is true and correct." As reflected above, Rule 3(d) states that timely filing *may* be shown by declaration, but that "such

9

declaration is sufficient, but not necessary to show timely filing." *Franklin v. United States*, No. 06-cr-00166-DOC, 2015 WL 13265918 at *4 (C.D. Cal. Jan. 12, 2015).

"When a pro se prisoner alleges that he timely complied with a procedural deadline by submitting a document to prison authorities, the district court must either accept that allegation as correct or make a factual finding to the contrary upon a sufficient evidentiary showing by the opposing party." *Faile v. Upjohn*, 988 F.2d 985, 989 (9th Cir.1993), *disapproved on other grounds in McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999).  Thus, a declaration by the *pro se* prisoner alleging timely filing shifts the burden to the opposing party to produce evidence in support of a contrary factual finding.  *Caldwell v. Amend*, 30 F.3d 1199, 1203 (9th Cir. 1994).

Following Movant's appeal of his judgment of conviction and sentence, he petitioned the Supreme Court of the United States for a writ of certiorari, which was denied on February 22, 2022.  (Doc. No. 270-4 at 2); *Thomas v. United States*, 142 S. Ct. 1169 (2022).  Therefore, Movant's judgement of conviction became final on February 22, 2022, and the final day to bring a motion under § 2255 was February 22, 2023.  *See* Fed. R. Civ. P. 6.

On February 22, 2023, Movant signed and dated the following:  (1) a motion to amend his § 2255 petition, (2) the amended § 2255 petition, and (3) a second motion to expand the record. (Doc. Nos. 271, 272, 273.)  All three documents were received by this court on March 3, 2023. (*Id*.)  In his motion to amend, Movant argues that his amendments are not time barred because the statute of limitations for filing his motion to amend and amended motion expired on February 22, 2023, and "Movant is putting this [,the motion to amend,] in the mail prior to the expiration of the time-limit."  (Doc. No. 271 at 1.)  Additionally, in his form amended § 2255 motion, Movant states, "I declare . . . under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 2-22-23."  (Doc. No. 272 at 13.)  The form motion is signed by Movant and dated February 22, 2023.  (*Id*.)

In its opposition to amendment, the government points out that Movant initially did not follow the procedures laid out in Rule 3(d) of the Rules Governing § 2255 because he did not state that he submitted his motion to amend and amended motion with prepaid first-class postage.

10

(Doc. No. 277 at 8.)  However, the government concedes that Movant may correct such error by submitting a revised declaration.[7]  (*Id.*)

In his reply in support of his motion to amend, apparently to address and correct the error noted by the government in its opposition, Movant has included a declaration stating that he placed his amended motion in the prison mailing system on February 22, 2023, with first-class postage prepaid.  (Doc. No. 279 at 4.)  Movant stated in that declaration that it was being made pursuant to 28 U.S.C. § 1746 (unsworn declarations under penalty of perjury), but also concluded the declaration by stating that it was being made "to the best of my knowledge, information, and belief."  (*Id.*)

All told, Movant has submitted one declaration that fully comports with 28 U.S.C. § 1746 declaring that he submitted the amended petition on February 22, 2023, and a second declaration which largely comports with 28 U.S.C. § 1746 in which he stated that he submitted the motion to amend and amended motion at his institution of confinement with first-class postage prepaid.  (Doc. Nos. 272 at 13, 279 at 4.)  This is sufficient to shift the burden to the government to show that the motion to amend and amended motion were not timely filed.  *Caldwell*, 30 F.3d at 1202–03 (explaining that a declaration from a *pro se* prisoner is sufficient to shift the burden to the opposing party); *Faile*, 988 F.2d at 989 (shifting the burden from the *pro se* prisoner to the opposing party upon the allegation that the *pro se* prisoner timely complied with the filing deadline).  The government has not come forward with any evidence that the motion to amend and amended motion were not timely filed.  Therefore, the court finds that Movant's motion to amend (Doc. No. 271) and amended § 2255 motion (Doc. No. 272) were filed within the applicable one-year statute of limitations.

2.    Whether Movant May Amend

As indicated above, the government next argues that the court should not apply Federal Rule of Civil Procedure 15(a)(1)(B), which permits amendment within 21 days of a responsive

---

[7]  The court agrees that such an error may be corrected by the submission of a revised declaration. *See Murillo v. United States*, No. 2:20-cr-00484-JLR, 2020 WL 5747821 at *5 (W.D. Wash. Sept. 25, 2020), *aff'd*, No. 20-35929, 2023 WL 534371 (9th Cir. Jan. 27, 2023) (allowing the movant to submit a revised declaration to correct a deficiency under similar circumstances).

pleading being filed where a responsive pleading is required, in this case in determining whether petitioner's motion to amend was timely filed. (Doc. No. 277 at 3–4, 6–7.) The government acknowledges that courts disagree about the applicability of Federal Rule of Civil Procedure 15(a)(1)(B) to habeas proceedings. (*Id.*) The government also agrees that Rule 15(a)(2) permits motions to amend with leave of court. (*Id.*)

The amendment of a § 2255 petition is governed by Rule 15 of the Federal Rules of Civil Procedure.[8] 28 U.S.C. § 2242; *See Mayle v. Felix*, 545 U.S. 644, 655 (2005); *see also In re Morris*, 363 F.3d 891, 893 (9th Cir. 2004) ("Rule 15(a) applies to habeas corpus actions with the same force that it applies to garden-variety civil cases.") (quoting *Calderon v. U.S. Dist. Ct. for N. Dist. of California*, 134 F.3d 981, 986 n. 6 (9th Cir. 1998)). "Federal Rule of Civil Procedure 15(a) allows pleading amendments with 'leave of court' any time during a proceeding. Before a responsive pleading is served, pleadings may be amended once as a 'matter of course,' *i.e.*, without seeking leave of court." *Mayle*, 545 U.S. at 645. Although leave to amend should be given freely, a court may deny a motion to amend if the motion is made in bad faith, there would be prejudice to the opposing party, the amendment would be futile or would delay resolution of the action, or if the party acted in a dilatory fashion in seeking leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The government states that it is unaware of evidence "indicating that [Movant] Thomas acted in bad faith by failing to raise the additional claims" in his initial motion. (Doc. No. 277 at 7.) The government notes that Movant has not previously amended his pleadings, and Movant purports to have filed his amendment within the statute of limitations. (*Id.*) The government concedes that Movant's additional grounds alleged in the amended petition are couched as ineffective assistance of counsel ("IAC") claims, which, "are appropriately considered in the

/////

---

[8] The government acknowledges that Movant has filed an amendment and not an unauthorized second or successive petition. (Doc. No. 277 at 7.) This concession is well taken since it has been recognized that "when a *pro se* Movant files a new petition in the district court while an earlier-filed petition is still pending, the district court must construe the new petition as a motion to amend the pending petition rather than as an unauthorized second or successive petition." *Goodrum v. Busby*, 824 F.3d 1188, 1192 (9th Cir. 2016).

2255 context." (*Id.*)  The government also concedes that, "these factors, taken together, arguably weigh in [Movant] Thomas's favor."  (*Id.*)

Rather, the principal concern expressed by the government is the prejudice posed to it because the government filed its opposition to Movant's initial petition, and the amended petition alleges five claims that are unrelated to Movant's initial claim.  (*Id.*)  The government acknowledges, however, that any prejudice would be ameliorated were ample time provided for it to respond to those new claims.  (*Id.*)  In his reply in support of his motion to amend, Movant appears to agree that any prejudice to the government should be ameliorated by allowing the government sufficient time to respond.  (Doc. No. 279 at 3.)  Based on the foregoing, the court will grant Movant's motion to amend and will consider the claims raised therein pursuant to Rule 15(a)(2).  Accordingly, the court need not and does not determine whether FRCP 15(a)(1)(B) applies here.[9]

**B.      Request to Seal Declaration of Movant's Trial Counsel**

On September 27, 2022, the previously assigned district judge granted in part and denied in part the government's motion for an order finding a partial waiver of the attorney-client and work product privileges.  (Doc. No. 255.)  The court found that Movant's attorney-client privilege is waived "with respect to all communications between [Movant] Thomas and his former attorney . . . concerning events and facts related to [Movant's] claims of ineffective assistance of counsel . . ." (*Id.* at 2.)  The same day that the government filed its opposition to Movant's first motion to vacate or set aside his sentence, it also filed a notice of request to file under seal the declaration of Movant's trial counsel.  (Doc. No. 264.)  Movant has not opposed the government's request to seal.

"[J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions.  Those who seek to maintain the secrecy of documents

---

[9] Here, because the court finds that the record conclusively establishes that Movant is not entitled to the requested relief, the court need not require a response from the government, thus ameliorating any prejudice to the government. *See United States v. Coleman*, No. 11-cr-00904-PJH-1, 2015 WL 1548986, at *3 (N.D. Cal. Apr. 7, 2015) (dismissing the § 2255 motion with prejudice without a hearing or response from the government).

13

attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations omitted). Under the "compelling reasons" standard:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted). The government argues that the declaration of Movant's trial counsel contains attorney-client privileged material and that the privilege waiver is limited to use in this action. (Doc. No. 267.) Based on the court's September 27, 2022 order (Doc. No. 255), Movant has waived the attorney-client privilege concerning the events and facts related to his claims of ineffective assistance of counsel such that the privilege does not provide a compelling reason to seal trial counsel's declaration in this case. *See Steines v. Crown Media United States, LLC*, No. 18-cv-09293-CJC-FFM, 2019 WL 13244574, at * 8 (C.D. Cal. Jan. 16, 2019) (declining to seal documents when defendants had previously waived attorney-client privilege with regard to the document). However, due to the limited nature of the waiver, the court finds good cause to redact portions of the declaration of Movant's trial counsel. The court will therefore direct the government to file a redacted copy of its Exhibit 5 filed in support of its opposition to Movant's motion to vacate or reduce sentence (Doc. No. 270).

Having addressed the procedural issues above, the court turns to the merits of each of Movant's ineffective assistance of counsel claims.

**C.    Movant's § 2255 Motion**

　　1.    Claim One

In his Claim One, Movant argues that his trial counsel provided ineffective assistance because he failed to provide Movant with accurate advice concerning the benefits and consequences of accepting a plea offer as opposed to proceeding to trial. (Doc. No. 249 at 21.) Movant states that his trial counsel failed to accurately advise him of the potential benefits at the

14

time of sentencing of accepting the government's plea offer and misadvised him that the maximum sentence he faced was sixteen years in prison when it was actually life imprisonment. (*Id.* at 21–22, 24.)

The record in this case clearly conflicts with Movant's current version of the relevant events.  On January 31, 2018, Movant was arraigned on the superseding indictment (Doc. No. 17) and informed that if convicted of a violation of either count, he faced a maximum punishment of life imprisonment.  (Doc. No. 261 at 4.)  On April 15, 2019, Movant was arraigned on the second superseding indictment and again informed that he faced a maximum sentence of life in prison on each count.  (Doc. No. 262 at 6–7.)  Movant's trial counsel has stated in his declaration that, "I further explained to him that the maximum possible sentence for count #2 is life and the minimum is 10 years" and that "[i]t was at that point in time that I told him something to the effect that my god, even if you just entered a plea to the entire indictment . . . he would in all probability receive less time than if he went to trial and was convicted of both counts."  (Doc. No. 270 at 14; Ex. 5 at 3.)  Movant's trial counsel has also declared that Mr. Thomas never waivered [sic] on his strong feeling that he wanted to go to trial . . . ."  (*id*. at 4) and that he did not tell Movant that "he would only receive 16 years."  (*Id.* at 5, line 4.)

In order for Movant to establish ineffective assistance of counsel with regard to his first claim, "he 'must demonstrate gross error on the part of counsel . . . .'"  *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (quoting *McMann v. Richardson*, 397 U.S. 759, 772 (1970)).  Movant argues that his counsel's performance was deficient because he misadvised Movant that his maximum sentence was sixteen years and he did not properly advise Movant of the potential benefits of pleading guilty before trial.  As discussed above, there is ample evidence that Movant was properly, and repeatedly, informed of the maximum possible sentence he faced in his case.  "Additionally, the only evidence indicating [trial counsel] misadvised [Movant] is [Movant's] self-serving statements, which are 'insufficient to establish that [Movant] was unaware of the potential' of a higher sentencing exposure . . . ."  *Lugo v. United States*, No. 3:17-cr-00482-JAH-1, 2024 WL 221436, at *3 (S.D. Cal. Jan. 18, 2024) (quoting *Turner*, 281 F.3d at 881.)  The

/////

15

record before the court shows that trial counsel was not deficient in advising Movant regarding the maximum sentence, plea negotiations, and Movant's decision to proceed to trial in this case.

Moreover, even if his trial counsel was somehow deficient in advising him regarding the sentence he faced and the benefits of entering a plea agreement as opposed to proceeding to trial, Movant has failed to establish any prejudice.  The Ninth Circuit has recognized as follows:

> When a defendant alleges that a violation of the right to counsel resulted in the defendant's rejection of a favorable plea offer, the "defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed."

*United States v. Soto-Lopez*, 475 F. App'x 144, 147 (9th Cir. 2012) (quoting *Lafler v. Cooper*, 566 U.S. 156, 164 (2012)).[10]

Movant argues that there is a reasonable probability that he would have entered a plea of guilty rather than proceeding to trial if he had been properly advised by his trial counsel.  (Doc. No. 249 at 27.)  However, the record before the court does not support such a finding.  In his declaration in support of his motion, Movant declares that he would have *seriously considered* entering an open plea or would not have rejected the prosecution's offer "out-of-hand" had he been properly advised by his counsel.  (Doc. No. 250 at ¶¶ 5–6) (emphasis added).  Notably, even after his conviction at trial, Movant is unwilling to declare that he would have accepted a plea offer or entered an open plea had he received different advice from his counsel.  Further, Movant has never accepted responsibility or admitted his guilt and when asked whether he wished to allocate at his sentencing hearing, Movant limited himself to denying that he was a gang member.  (Doc. No. 188 at 18–19.)  This, combined with his trial counsel's declaration that Movant was unwavering in his desire to proceed to trial establish that there is not a reasonable probability that Movant would have entered a guilty plea rather than proceeding to trial had he received different

---

[10]  Citation to unpublished Ninth Circuit opinions throughout this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

advice from his counsel. *See Luster v. Lizarraga*, No. 16-cv-02444-VAP, 2017 WL 11679894, at *17 (C.D. Cal. Jan. 27, 2017) ("Whether a defendant had accepted responsibility for his actions is a factor which the court may consider in determining whether there was a reasonable probability that he would have accepted the plea offer."), *report and recommendation adopted,* No. 16-cv-02444-VAP, 2017 WL 11679893 (C.D. Cal. Mar. 29, 2017); *United States v. Jackson*, No. 2:11-cr-00054-TLN-CKD-1, 2023 WL 3177973, at *4 (E.D. Cal. May 1, 2023) (finding no reasonable probability that the movant would have entered a guilty plea where he "persistently refused" to admit an element even after his conviction and "merely indicated that he 'would have entertained' a 'reasonable offer'"), *report and recommendation adopted,* No. 2:11-cr-00054-TLN-CKD-1, 2023 WL 4551644 (E.D. Cal. July 14, 2023).

For these reasons, the court finds that Movant's counsel did not provide ineffective assistance in advising Movant with respect to his decision to proceed to trial and that, even if trial counsel was deficient in this regard, Movant has failed to establish any prejudice stemming from his counsel's performance.

### 2.   Claims Two and Three

In Claim Two, Movant argues that his trial counsel's assistance was ineffective because he failed to inform the jury of the existence of a witness that could testify to Movant's lack of involvement in the crimes with which he was charged. (Doc. No. 272 at 13.) Specifically, Movant argues that his trial counsel should have informed the jury that Movant's bother and co-defendant, Tommie Thomas, was "unable to testify in favor of" the Movant at trial because the government had made a deal with Tommie Thomas "to prevent" him from "testifying on behalf of" Movant. (*Id.*) Movant alleges that he informed his trial counsel of this purported "deal" made by government to silence and tamper with Tommie Thomas, a material witness, who could have testified favorably in support of Movant. (*Id.* at 13–14.) Relatedly, in his Claim Three Movant argues that his appellate counsel also provided ineffective assistance by failing to raise on appeal this issue of the government purportedly preventing Tommie Thomas from testifying in support of Movant's defense. (*Id.* at 14.)

/////

17

The nature of petitioner's claims in this regard are entirely unclear.  Movant does not argue that his trial counsel was ineffective by failing to call Tommie Thomas as a witness at Movant's trial.  Rather Movant argues only that his trial counsel should have somehow informed the jury that his brother had an agreement with the government that prevented him from testifying.  Movant does not state how he became aware of this purported agreement, nor does he state who else may have personal knowledge of the agreement.  Notably, and most importantly for purposes of resolving the pending motion, Movant has presented absolutely no evidence that any such agreement between his brother and co-defendant Tommie Thomas and the government existed.  In addition, Movant has not even alleged what testimony Tommie Thomas could have presented that purportedly would have been helpful to the defense.  Instead, Movant simply alleges in conclusory fashion that Tommie Thomas would have been able "to testify to Movant's "lack of involvement/lack of culpability in the conspiracy." (*Id*. at 13.)  Finally, there is no showing, by way of declaration or otherwise, suggesting in any way that Tommie Thomas was willing to or could have testified in support of Movant's defense.

Even if the court were to assume that a witness existed who could have testified to an undisclosed agreement, an assertion from a witness other than Tommie Thomas that he was prevented from testifying based on an agreement he made with the government would have been inadmissible hearsay.  Fed. R. Evid. 802.  "[A] failure to introduce evidence that is clearly inadmissible cannot be prejudicial, because there is no chance that the jury ever would have heard that evidence." *Cannedy v. Adams*, 706 F.3d 1148, 1163 (9th Cir.), *amended on denial of reh'g*, 733 F.3d 794 (9th Cir. 2013).

Likewise, even if Movant were arguing that his trial counsel should have called Tommie Thomas as a witness at Movant's trial, Movant has not presented any evidence that his brother's testimony would have been helpful to Movant's defense.  "[A] prisoner must generally provide an affidavit from a potential witness showing that the witness would have provided testimony helpful to the defense." *Maria v. Grounds*, No. 13-cv-01183-DSF-MRW, 2015 WL 4608086, at *6 (C.D. Cal. Mar. 17, 2015) (citing *Dows v. Wood*, 211 F.3d 480, 486–87 (9th Cir. 2000)), *report and recommendation adopted,* No. 13-cv-01183 DSF-MRW, 2015 WL 4608304

18

(C.D. Cal. July 30, 2015), *aff'd sub nom. Maria v. Muniz*, 704 F. App'x 641 (9th Cir. 2017). "'Speculation' about what a witness 'could have said is not enough' to establish that an attorney provided ineffective assistance or that a defendant was prejudiced." *Id.* (quoting *Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir.1997)); *see also United States v. Alqsous*, 1:16-cr-00329-2, 2025 WL 896095, at *7 (N.D. Ohio Mar. 24, 2025) (denying a § 2255 motion, noting that the defendant had "not produced any evidence, such as an affidavit, declaration, or interview report, to support what he claims these potential witnesses might have said," nor "indicated whether these witnesses would have been willing to speak with counsel before trial or testify at trial," instead he "merely offers his guess as to what each potential witness might have testified to if called at trial," and concluding that "[t]his falls short of establishing ineffectiveness.")

Accordingly, the court concludes that Movant's claims in this regard are entirely meritless. The record conclusively establishes that Movant has failed to make any showing of prejudice stemming from his trial counsel or appellate[11] counsels' failure to raise the issue that Movant's brother and co-defendant had somehow been prevented from testifying on Movant's behalf at his trial.

### 3. Claim Four

In his fourth claim, Movant argues that his trial counsel was ineffective at sentencing by failing to: (1) object to the upward adjustment in his offense level based upon the aggravating role determination pursuant to U.S.S.G. § 3B1.1; (2) argue that Movant's role in the offense should have been considered as minimal under U.S.S.G. § 3B1.2 thereby entitling him to a downward adjustment in his offense level; (3) argue that Movant should also have received an

---

[11] Of course, Movant's appellate counsel cannot be faulted for choosing not to raise an unmeritorious claim on appeal. *Mena v. Ndoh*, 770 Fed. Appx. 339, 342 (9th Cir. 2019) ("[A]ppellate counsel is not required to make arguments that are frivolous as a matter of professional judgment.") (citing *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)); *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) ("Counsel's failure to make a futile motion does not constitute ineffective assistance of counsel."); *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001) ("[A]ppellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal."); *United States v. Baker*, 256 F.3d 855, 863 (9th Cir. 2001) ("Counsel merely declined to raise several weak issues, none of which presents a reasonable probability that Baker would have prevailed on appeal.").

additional two-point downward adjustment in his offense level pursuant to U.S.S.G. § 2D1.1(b)(17) beyond a minimal role adjustment; and (4) call Movant's co-defendants, Tommie Thomas and Luis Fernandez as witnesses at his sentencing hearing to testify as to Movant's limited role in the offense.  (Doc. No. 272 at 15.)

Movant's claim regarding his counsel's failure to object to a determination that he played an aggravating role in the offense is in reference to the court's application of U.S.S.G. § 3B1.1(b), ultimately increasing the offense level by three levels based upon the court's finding that Movant was a manager or supervisor of the drug trafficking conspiracy but did not deserve the four level increase recommended in the presentence report.  (Doc. No. 188 at 19–20.)  The court notes that although Movant's counsel did not object to that finding of the presentence report, in the defense sentencing memorandum counsel did argue that any upward adjustments in Movant's offense level based upon a finding that he played a leadership role were "questionable."  (Doc. No. 171 at 3.)

In any event, Movant has failed to establish that his counsel's performance in this regard was deficient or, even if it was, that Movant suffered any prejudice as a result.  The evidence introduced at Movant's trial fully supported the court's finding that application of U.S.S.G. § 3B1.1(b) was appropriate.  For example, Movant's co-defendant Luis Fernandez testified at Movant's trial that in the one transaction that was the focus of the trial he was required to wait outside of an apartment complex in his vehicle, in which his young son was a passenger, with four pounds of  methamphetamine while those with whom he was dealing sought Movant's approval before completing the methamphetamine purchase.  (Doc. No. 168 at 54–55.)  Of course, the evidence of Movant's leadership role in the drug trafficking organization was not limited to this single example.  Rather, the evidence admitted at trial and before the court at sentencing demonstrated that Movant directed some of the activities of others in connection with the organization's drug trafficking and that the other members of the conspiracy reported to Movant.  It was therefore reasonable for Movant's trial counsel to conclude that challenging the upward adjustment for Movant's leadership role under U.S.S.G. 3B1.1(b) would have been futile, and that the better strategy was to focus on mitigation and to argue for a downward variance from

the advisory sentencing guideline range, as Movant's trial counsel successfully did here.  *See United States v. Mak*, No. 05-cr-00293-CJC, 2014 WL 12819934, at *2 (C.D. Cal. May 20, 2014) (explaining that it was reasonable for counsel to focus on seeking a downward variance pursuant to the Supreme Court's decision in *Booker* where there was more than clear and convincing evidence to support the upward adjustment under the sentencing guidelines).  Finally, it is the case that in affirming Movant's conviction and sentence on appeal, the Ninth Circuit found that this court did not plainly err in applying a three point upward adjustment to Movant's offense level.  *Thomas*, 2021 WL 4061109, at *2; Doc. No. 244 at 5.

Moreover, as noted, Movant has failed to show any prejudice resulting from his trial counsel's performance in this regard.  At the suggestion of Movant's trial counsel this court ultimately questioned the extent of the appropriate upward adjustment for aggravating role pursuant to U.S.S.G. § 3B1.1 in movant's case and increased the offense level by three levels as opposed to the four levels recommended in the presentence report.  (Doc. No. 188 at 10–13.) Accordingly, any prejudice to Movant based upon his trial counsel's electing not to formally object to the adjustment was clearly negated.  *See United States v. Sanchez-Beltran*, No. 07-c-02098-JF, 2009 WL 1873791, at *4 (N.D. Cal. June 26, 2009) ("Defendant does not present any evidence suggesting that the enhancement was inappropriate, or that an objection to the enhancement would have altered the outcome of the proceedings.").

Movant's claim that his counsel was ineffective for failing to argue for a downward adjustment in light of Movant's role in the offense is also without merit.  In light of the analysis engaged in above, any argument that Movant was entitled to a downward adjustment of his offense level for having played a mitigating role in the criminal conduct would have been frivolous.  Of course, counsel is not required to advance frivolous arguments, for to do so is not in the client's best interest.  Moreover, Movant was found by the jury to have possessed "500 grams or more of a mixture or substance containing a detectable amount of methamphetamine."  (Doc. No. 152 at 1–3.)  Courts at the time of Movant's sentencing had recognized that possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction.  *See Pratt v. United States*, No. 14-cr-03308-AJB, 2016 WL 7012544, at *3 (S.D. Cal. Dec. 1, 2016) (finding

21

that a downward adjustment for a minor role was inappropriate, where, among other things, the petitioner pled guilty to importation of 500 grams or more of methamphetamine and 100 grams or more of heroin);  *see also Orellana v. United States*, No. 09-cr-00096-LHK, 2015 WL 4694038, at *10 (N.D. Cal. Aug. 6, 2015) (finding the petitioner's ineffective assistance of counsel claim lacked merit because, first, a downward adjustment under 3B1.2 is to be used "infrequently and only in exceptional circumstances," and, second, "possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction") (quoting *United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir. 1994) and *United States v. Lui*, 941 F.2d 844, 849 (9th Cir. 1991)).

Movant's claim that his trial counsel was ineffective for failing to request a reduction pursuant to U.S.S.G. § 2D1.1(b)(17) also lacks any merit.  Reductions in offense levels under that section of the guidelines are rare and only available "[i]f the defendant receives the 4-level reduction in § 3B1.2(a) . . .", which did not occur in Movant's case and was clearly not justified in light of the evidence before the court for the reasons explained above.  (*See* Doc. No. 188.)

Finally, Movant's claim that his counsel was ineffective for failing to call co-defendants Tommie Thomas and Fernandez to testify in his favor at his sentencing hearing is apparently based upon Movant's own unsupported speculation that perhaps they would have provided testimony that Movant played a mitigating role in the offense.[12]  (*See* Doc. No. 272 at 17–18.)  Of course, speculation of what a witness could have said is insufficient to establish prejudice. *Reclusado v. United States*, No. 10-cr-00184-MMM, 2015 WL 10937887, at *6 (C.D. Cal. Aug. 20, 2015) (finding that the movant failed to demonstrate prejudice where he argued his daughter wished to speak on his behalf at sentencing but did not provide evidence as to what his daughter would have said).

Accordingly, Movant's claims regarding ineffective assistance of trial counsel in connection with sentencing must be rejected.

---

[12]  Given Fernandez's trial testimony fully implicating Movant as discussed above and the lack of any suggestion that Tommie Thomas was willing to and could have provided any such testimony, especially in light of the fact that Tommie Thomas had not yet been sentenced at the time of Movant's sentencing (Doc. No. 188 at 7), the court is quite skeptical that either would have been willing to speak on Movant's behalf even had the court allowed it.  *United States v. Ding*, 282 F. App'x 511, 514 (9th Cir. 2008) (citing Fed. R. Crim. P. 32(i)(2)).

22

4.      Claim Five

Movant argues in his fifth claim that his trial counsel was ineffective in failing to move for a mistrial and instead agreeing to a curative jury instruction being given when a government witness made a reference to "the gang" in his trial testimony in violation of the court's pretrial motion *in limine* ruling. (Doc. No. 272 at 22.) Movant unsuccessfully raised a similar claim on appeal, arguing that the district court clearly erred by denying his putative motion for a mistrial. *Thomas*, 2021 WL 4061109, at *1 ("Here, the curative instruction clearly and forcefully admonished the jury not to consider the erroneous witness statement, which was brief, vague, and did not specifically refer to Thomas. [citation omitted]. Thomas thus suffered minimal prejudice from the witness's errant testimony, [citation omitted], and a mistrial was unwarranted [citation omitted].")

Before the commencement of Movant's trial, the undersigned denied the government's motion *in limine* seeking an order permitting it to present the testimony of a gang expert and evidence of gang affiliation with the court concluding that the proffered evidence was irrelevant to the charges brought against Movant. (Doc. No. 109 at 5–6.) During his trial testimony government's witness, David Anderson, testified that as part of the investigation law enforcement was using an informant to work with "the gang." (Doc. No. 200 at 175.) Immediately following this testimony, the court recessed and addressed counsel outside the presence of the jury. (*Id*. at 176.) Movant's trial counsel moved for dismissal of the case against Movant with prejudice based upon the violation of the court's *in limine* ruling, a motion which the court denied. (*Id*. at 178.) The court then suggested that a curative instruction be given to the jury, which trial counsel agreed to after considering whether the instruction would be helpful or harmful to the defense. (*Id*. at 179–83.) The court then immediately instructed the jury that the case did not involve any gang allegations and that "any suggestion to the contrary should be disregarded by you." (*Id*. at 183–84.) As noted above, in affirming Movant's conviction and sentence on appeal the Ninth Circuit found that the curative instruction clear and forceful and that a mistrial was unwarranted.

In any event, as with any claim of ineffective assistance of counsel, Movant must show deficient performance by his trial counsel and that the "deficient performance prejudiced the

defense." *Strickland*, 466 U.S. at 667. Movant must also overcome the presumption that "the challenged action 'might be considered sound trial strategy.'" *Id.* at 669; *see also United States v. Cabaccang*, No. 08-cv-00015, 2010 WL 3000196, at *15 (D. Guam July 28, 2010) (finding counsel's performance was not ineffective when counsel failed to object or move for a mistrial following improper statements made by the prosecutor regarding special allegations).

In light of the Ninth Circuit's findings reviewing on appeal Movant's claim of substantive error in connection with this issue, it is clear that Movant suffered no or minimal prejudice from the witness's errant testimony and that a mistrial was not warranted. *Thomas*, 2021 WL 4061109, at *1 (internal citations omitted). Of course, "[a] jury is presumed to follow the instructions given to it." *United States v. Heredia*, 483 F.3d 913, 923 (9th Cir. 2007). Given that Movant's trial counsel moved for dismissal of all charges against Movant due to the testimony but his motion was denied and the court immediately admonished the jury, Movant has failed to show either that his trial counsel was deficient in also failing to specifically move for a mistrial or that his trial counsel's performance resulted in any prejudice to his defense. *See Bryson v. Madden*, No. 3:22-cv-00556-JES-VET, 2025 WL 3141859, at *54 (S.D. Cal. Nov. 10, 2025) (holding that the movant did not show a reasonable probability that absent the error of failing to request a mistrial, the result of the proceedings would have been different), *reconsideration denied,* No. 3:22-cv-00556-JES-VET, 2025 WL 3641573 (S.D. Cal. Dec. 16, 2025); *Pagan v. United States*, No. 07-cv-00355-ACK-BMK, 2007 WL 3166697, at * 6 (D. Haw. Oct. 29, 2007) (finding that even if counsel's performance was deficient, the Movant's defense was insufficiently prejudiced to warrant relief where the court struck the testimony regarding the petitioner's prior conviction and instructed the jury to disregard it).

For the reasons explained above, Movant has made no showing that he is entitled to relief on his sixth claim and therefore that claim too will be rejected on the merits.

5.      Claim Six

Finally, Movant argues that his trial counsel was ineffective in failing to hire an expert witness to testify at trial to alternative hypotheses regarding the wiretap and text message evidence admitted against Movant at trial. (Doc. No. 272 at 23.) Notably, Movant does not

24

explain or identify what any alternative hypotheses may have been to which a hypothetical expert could have been expected to testify about. (*Id.*)

"There is a 'strong presumption' that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect.'" *Richter*, 562 U.S. at 109. "[T]he presentation of expert testimony is not necessarily an essential ingredient of a reasonably competent defense." *Bonin v. Calderon*, 59 F.3d 815, 834 (9th Cir. 1995). Movant's claim of ineffective assistance of counsel in this regard is undermined by trial counsel's cross examination of government witness FBI Special Agent Christopher Cantrell, during which counsel extensively questioned Agent Cantrell's interpretation of recordings obtained by the government via wiretaps. (Doc. No. 167 at 169–189; 192–199.) In addition, trial counsel cross examined the government's witness, Movant's co-defendant Fernandez, regarding the meaning of a certain slang term for marijuana. (Doc. No 168 at 53.) Movant has not made any showing suggesting that his trial counsel's performance was deficient in this regard. *See Galloway v. Tilton*, 316 F. App'x 530, 531 (9th Cir. 2008) (holding that trial counsel's failure to retain a ballistics expert was not deficient because "counsel effectively cross-examined the prosecution's expert.").

Further, "[s]peculation about what an expert could have said is not enough to establish prejudice." *Grisby*, 130 F.3d at 373; *see also United States v. Ramos*, No. 2:13-cr-00403-CAS-1, 2019 WL 7066627, at *8 (C.D. Cal. Dec. 23, 2019) ("The Ninth Circuit has held that a petitioner seeking habeas relief based upon ineffective assistance of counsel cannot satisfy the second *Strickland* prong premised on conjecture regarding the hypothetical testimony of a favorable expert witness."). Movant's speculative assertion that his trial counsel should have hired an unidentified expert witness to testify to unknown alternative hypotheses regarding wiretap and text message evidence admitted at his trial is clearly insufficient to establish the requisite prejudice required for the granting of relief.

**CONCLUSION**

Upon review of the record, which includes Movant's two affidavits in support of his motion and his trial counsel's declaration submitted as part of the government's opposition to Movant's motion, the court conclusively finds that Movant is not entitled to relief pursuant to 28

25

U.S.C. § 2255.  In such circumstances, neither a hearing nor a further response from the government to Movant's amended motion is required.  *United States v. Coleman*, No. 11-cr-00904-PJH-1, 2015 WL 1548986, at *3 (N.D. Cal. Apr. 7, 2015) (dismissing the motion brought pursuant to § 2255 with prejudice without a hearing or response from the government).  For the reasons explained above, the court also concludes that the pending § 2255 motion and the amended motion must be denied.

Having concluded that the pending § 2255 motion must be denied, the court will also decline to issue a certificate of appealability.  In this regard, a movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Here, movant has failed to make the required showing.  Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. Movant's motion to vacate, set aside, or correct his sentence and Movant's amended motion to vacate, set aside, or correct his sentence (Doc. Nos. 249, 272) pursuant to 28 U.S.C. § 2255 are DENIED in their entirety without further opposition from the government and without a hearing;

2. The government's request to seal a document (Doc. No. 267) is DENIED and the government is DIRECTED as follows:

   a. Notwithstanding those portions specifically quoted by the court in its analysis of Movant's Claim One, the government shall redact the entirety of Exhibit 5 filed in support of the government's opposition (Doc. No. 270, Ex. 5);

26

          b.  the government shall file a redacted copy of Exhibit 5 forthwith;

3.      The court DECLINES to issue a certificate of appealability under 28 U.S.C. § 2253(c); and

4.      The Clerk of the Court is directed to again CLOSE this case.

IT IS SO ORDERED.

Dated:   **May 15, 2026**                           _Dale A. Drozd_____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE